# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

Case No. 2:25-cv-00439-JES-NPM

KATHERYNN RAE KIMM,

      Plaintiff,

vs.

CLICK N' CLOSE, INC. f/k/a MID
AMERICA MORTGAGE, INC., and
DE CUBAS & LEWIS, P.A.,

      Defendants.

_____

CLICK N' CLOSE, INC. f/k/a MID
AMERICA MORTGAGE, INC.,

      Third-Party Plaintiff,

vs.

ALLIED SOLUTIONS, LLC,

      Third-Party Defendant.

_____

## THIRD-PARTY DEFENDANT ALLIED SOLUTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD-PARTY COMPLAINT

Third-Party Defendant Allied Solutions, LLC ("Allied"), by its undersigned counsel, answers the Third-Party Complaint filed by Click N' Close, Inc. f/k/a Mid America Mortgage, Inc. ("CNC") and asserts its

affirmative defenses as follows. To the extent any allegation is not expressly admitted, it is denied.

## Jurisdiction and Parties

1. Allied admits that the Third-Party Complaint purports to assert claims related to the matters alleged in the underlying action. Allied denies any allegations or characterizations implying liability and otherwise denies any allegation inconsistent with the express terms of the parties' Master Administrative Services Agreement and applicable Schedules.

2. Allied admits that CNC seeks a declaratory judgment against Allied. Allied denies that CNC is entitled to any such relief.

3. Allied admits only that the Third-Party Complaint invokes supplemental jurisdiction statutes. Allied denies that any relief is warranted against Allied.

4. Allied admits that Count III is styled as seeking relief under the Federal Declaratory Judgment Act. Allied denies that any declaratory relief is warranted against Allied.

5. Allied admits that it conducts business nationally, including in the State of Florida, but denies the remainder of that paragraph for lack of sufficient information as to CNC's jurisdictional allegations beyond the

agreement's controlling law and forum provisions, which speak for themselves.

6. Admitted.

7. Allied lacks knowledge sufficient to admit or deny CNC's corporate status and principal place of business and therefore denies.

## Common Allegations

8. Allied admits that CNC and Allied executed a Master Administrative Services Agreement effective November 1, 2019 (the "Agreement") with Schedules including M-1 (Borrower's Insurance Tracking), M-2 (Lender-Placed Insurance), M-5 (Escrow Direct Pay Services), and M-6. The Agreement is a written document that speaks for itself. Any allegations that are inconsistent with the Agreement and Schedules are denied.

9. Allied denies the allegation that the Agreement was "at all material times" in effect to the extent it implies unconditional obligations irrespective of the Agreement's conditions, limitations, and exceptions. The Agreement and Schedules speak for themselves.

10. Allied denies the allegations contained in this paragraph.

11. Allied denies the allegations contained in this paragraph.

12. Allied admits that it processes escrow premium payments upon CNC review and approval of escrow premium due reports and work queues and upon receipt of payee information and payee codes from CNC. Allied denies any allegation inconsistent with those conditions precedent.

13. The Services Agreement between the parties speaks for itself. Any allegations contained in this paragraph that are inconsistent with the terms of the Services Agreement are denied.

14. Allied denies the allegations contained in this paragraph.

15. Allied denies causation and damages as alleged. Allied denies that any act or omission by Allied was the direct and proximate cause of any lapse in Kimm's coverage at the time of the September 2022 loss.

16. Allied denies that it has any duty to defend or indemnify CNC against the plaintiff's claims in the underlying action under the Agreement. Allied specifically denies any obligation to defend or indemnify CNC pursuant to Article 7 for the reasons set forth herein and in the affirmative defenses below.

17. Allied admits receiving CNC's September 3, 2025 untimely notice. Allied denies that the notice complied with Article 7, Section 7.3 of the Agreement.

82200\327386813.v1

18. Allied admits CNC requested indemnity and defense. Allied denies that CNC is entitled to indemnity or defense under the Agreement or under the facts and circumstances in this matter.

19. Allied admits that by letter dated September 18, 2025, it rejected CNC's demand for defense and indemnity and that the letter speaks for itself.

20. Allied admits it has not undertaken CNC's defense in this action and denies that it has any obligation to do so.

### Count I – Breach of Contract

21. Allied reasserts its responses to paragraphs 1–20 as if fully set forth herein.

22. Denied.

23  Denied.

WHEREFORE, Allied requests that judgment be entered in its favor on Count I, that the Court award Allied its fees and costs where permitted and grant such other and further relief as is just.

### Count II – Indemnification

24. Allied reasserts its responses to paragraphs 1–20 as if fully set forth herein.

82200\327386813.v1

25. Denied.

26.  Denied.

WHEREFORE, Allied requests that judgment be entered in its favor on Count II, that the Court award Allied its fees and costs where permitted and grant such other and further relief as is just.

## Count III – Declaratory Judgment

27.  Allied reasserts its responses to paragraphs 1–20 as if fully set forth herein.

28.  Allied admits only that CNC seeks a declaratory judgment. Allied denies that CNC is entitled to a declaration that Allied owes a defense or indemnity to CNC.

29. Denied. An actual controversy exists, but Allied denies that the Agreement imposes a duty to defend or indemnify CNC under the circumstances alleged.

WHEREFORE, Allied requests that the Court enter a declaratory judgment in Allied's favor declaring that Allied has no duty to defend or indemnify CNC with respect to Plaintiff Kimm's claims, award Allied its fees and costs where permitted, and grant such other and further relief as is

just.

## Affirmative Defenses

Without assuming any burden of proof not imposed by law, Allied asserts the following affirmative defenses. Each defense is stated in the alternative and incorporates by reference the Agreement and Schedules.

1. **Failure of Conditions Precedent.** CNC's claims are barred in whole or in part because CNC failed to satisfy conditions precedent to any alleged obligation by Allied to process or remit escrow insurance premiums or to defend or indemnify CNC.

2. **Contractual Indemnity Not Triggered.** The Services Agreement obligates a party to indemnify the other only for losses arising out of that party's breach, non-fulfillment of obligations, negligent or more culpable acts or omissions, or failure to comply with applicable law. The losses alleged by CNC, if any, arise from CNC's own acts or omissions.

3. **Contractual Carve-Out and Comparative Fault.** The Services Agreement provides that an indemnifying party is not obligated to indemnify the other "to the extent" the damages arise out of the indemnitee's negligence, more culpable act or omission (including recklessness or

82200\327386813.v1

willful misconduct), or bad-faith failure to comply with its obligations. Any alleged losses of Plaintiff Kimm were caused in whole or in part by CNC's acts or omissions, the acts or omissions of the other Defendant named in the underlying action, the acts or omissions of non-parties, and thus are excluded from indemnity or must be reduced proportionally.

4. **Untimely and Prejudicial Notice.** The Services Agreement requires the indemnitee to provide written notice "as soon as possible, but no later than thirty (30) calendar days after" obtaining actual knowledge of an event or receiving notice of a filed action. The underlying lawsuit was filed on or about May 23, 2025. It is conceivable that CNC was on notice of Kimm's claims before the filing of the underlying action. Thus, CNC's notice, dated September 3, 2025 was far outside the 30-day period and Allied has been prejudiced by this untimely notice.

5. **Contractual Limitation of Liability.** The Services Agreement bars recovery, except as provided for third-party claims covered under Article 7, of consequential, incidental, indirect, exemplary, special, punitive, or enhanced damages, and any injury to or loss of goodwill, reputation, business, revenues, profits, anticipated profits, contracts, or opportunities. To the extent CNC seeks such damages or seeks indemnity

for these types of damages from Allied, recovery is barred or limited by the terms of the Services Agreement.

6. **Performance, Substantial Performance, and Excuse.** Allied performed, or substantially performed, all obligations under the Agreement and applicable Schedules. Any alleged nonperformance was excused or prevented by the failures, acts and/or omissions of CNC, and non-parties to this action.

7. **No Causation**. CNC cannot establish that Allied's actions proximately caused the alleged lapse in coverage or Plaintiff Kimm's claimed damages. Any lapse or uninsured loss, if any, was caused by factors, including but not limited to the prior carrier's dissolution, the acts and/or omissions of Universal and the acts and/or omissions of CNC, the acts of the other party sued by Kimm. Further, many of the damages claimed by Plaintiff, Kimm against CNC have no relation to the alleged lapse in insurance and are instead attributable to CNC's alleged acts post Hurricane Ian, and/or the acts and omissions of De Cubis & Lewis, in which Allied had no participation.

8. **Waiver, Estoppel, and Ratification**. CNC's actions and inactions, including but not limited to, proceeding in the underlying case without

timely tender to Allied and without Allied's participation, agreeing to case schedules, and undertaking defense activities—constitute waiver of any alleged right to immediate defense and/or estop CNC from demanding defense and indemnity under the Services Agreement after a prejudicial delay.

9.  **Failure to Mitigate**. CNC failed to take reasonable steps to mitigate its alleged damages.

10. **Contractual Defenses Reserved**. Allied reserves and asserts all defenses available under the Agreement and applicable Schedules, including but not limited to the Agreement's governing law and forum provisions, fee-shifting, and any other contractual limitations or conditions, to the extent applicable and without waiver.

11. **Reservation of Defenses**. Allied reserves the right to amend and/or add to these affirmative defenses as discovery in this matter is conducted.

## PRAYER FOR RELIEF

Allied respectfully requests that the Court:

1.  Enter judgment in favor of Allied and against CNC on all counts;

82200\327386813.v1

2. Declare that Allied has no duty to defend or indemnify CNC in connection with Plaintiff Kimm's underlying claims;

3. Award Allied its costs and attorney's fees to the extent permitted by law and the Agreement between the parties; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HINSHAW & CULBERTSON LLP**

*s/James T. Ferrara*
**James T. Ferrara, Esquire**
Florida Bar No. 764825
jferrara@hinshawlaw.com
mislacalleiro@hinshawlaw.com
201 East Las Olas Boulevard
Suite 1450
Ft. Lauderdale, Florida 33301
Telephone:  954-467-7900
Facsimile: 954-467-1024
Counsel for Third Party Defendant,
Allied Solutions, LLC

82200\327386813.v1

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on December 19, 2025, a copy of this notice was electronically filed with the Clerk of Court using the CM/ECF system which will provide a copy to all counsel of record.

HINSHAW & CULBERTSON LLP

s/James T. Ferrara
**James T. Ferrara, Esquire**
Florida Bar No. 764825
jferrara@hinshawlaw.com
mislacalleiro@hinshawlaw.com
201 East Las Olas Boulevard
Suite 1450
Ft. Lauderdale, Florida 33301
Telephone:  954-467-7900
Facsimile: 954-467-1024
Counsel for Third Party Defendant, Allied Solutions, LLC

82200\327386813.v1