**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | | |
|---|---|---|
| KATHRYN RAE KIMM, | ) | |
| | ) | Civil Action No. 2:25-cv-439-JES-NPM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLICK N' CLOSE, INC. f/k/a MID AMERICA MORTGAGE, INC.; and DE CUBAS & LEWIS, PA, | ) | |
| Defendants. | | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO CLICK N' CLOSE, INC. F/K/A MID AMERICA MORTGAGE, INC.'S MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY**

Plaintiff submits the following response in opposition to Defendant Click N' Close, Inc. ("Defendant or "CNC")'s Motion to Compel Better Responses to Discovery ("Motion"). CNC's Motion should be denied in its entirety. CNC's belated attempt to compel sensitive medical information from Plaintiff despite Plaintiff agreeing that no mental-health expert or treating psychiatrist or psychologist would testify on her behalf, is nothing more than an attempt to abuse the discovery process and harass Plaintiff. CNC also seeks to compel responses to discovery that have already been supplemented (Interrogatory 2, 5-8, 10-11, 14, and 17-18) or that Plaintiff has already agreed to supplement

(Interrogatory 19 and Request for Production 16-17; and the discovery direct to Ms. Sayre).[1] Simply put, the Motion should be denied.

**RELEVANT FACTUAL BACKGROUND**

CNC served its Amended First Interrogatories and First RFP in October 2025, and Plaintiff responded on December 11, 2025. Doc. 89 at 2-3; Doc. 89-1 at 2; Doc. 89-2 at 5; Doc. 89-3 at 20. Interrogatories 5 and 6 sought her treating providers and every health-care provider who examined or treated her in the preceding ten years, with dates and conditions; Interrogatory 14 sought her mental history for the five years preceding Hurricane Ian. Doc. 89-1 at 8-9, 13. Plaintiff objected on relevance, proportionality, and medical-privacy grounds. Doc. 89-3 at 7-9, 17-18. CNC challenged those objections by letter on February 11, 2026. Doc. 89-4 at 10-11, 15.

On March 6, 2026, Plaintiff maintained the objections and stated that no mental-health expert and no treating psychiatrist or psychologist would testify on her behalf. Doc. 89-5 at 4, 7. The same response confirmed that no documents were withheld under First RFP No. 1, that all nonprivileged

[1] Plaintiff will serve additional supplemental responses no later than August 7, 2026. The parties agreed Plaintiff did not need to produce documents in response to Request for Production No. 16 unless she claims that a payment was not properly applied to her loan. Plaintiff's counsel is attempting to obtain a response from Ms. Sayre concerning her forthcoming document production, but due to the death of a close family member, communications have been delayed.

documents in her possession, custody, or control responsive to First RFP No. 2 had been produced, withdrew her objections to First RFP Nos. 5 through 14, and supplied request-specific Bates ranges. Doc. 89-5 at 1-4. It also answered Interrogatory Nos. 10, 17, and 18. Doc. 89-5 at 5-8.

At the June 2026 conferral, CNC described the remaining dispute under Interrogatory Nos. 5 and 6 as whether it could obtain provider names; it took no issue with First RFP Nos. 1 through 14, Interrogatory Nos. 10 and 11, or the Interrogatory No. 14 objection, though it intended time-limited deposition questions. Doc. 89-10 at 2, 4. Plaintiff's counsel would not object to questions about whether Plaintiff attended therapy or about emotional distress, so long as they did not seek medical records or the substance of communications with a medical professional, and corrected CNC's account that medical records had been agreed to. Doc. 89-10 at 1-2. CNC stated that it would seek an advance ruling on counseling, treatment, conditions treated, and provider identities and would prepare a motion to compel, and its counsel sent a draft motion the day before the July 7 deposition. Doc. 89-10 at 1; CNC's Notice of Supplement at 7-8 (forthcoming), Kimm Dep. 19:4-20:21.

At the July 7th deposition, CNC asked whether Plaintiff had received counseling related to an experience from decades ago. She answered that she had, estimated that counseling began at about age thirty and that she had seen

two counselors, and testified that sessions were weekly after the hurricane and monthly before, including monthly counseling from approximately 2010 through 2020, with a change of counselors after moving to Florida in 2021. CNC's Notice of Supplement at 6-11, Kimm Dep. 18:13-19:3, 25:1-27:10. Counsel instructed her not to answer only as to the counselors' names and whether either counselor prescribed medication. *Id*. at 7-11, Kimm Dep. 19:4-7, 25:22-25, 27:11-19. Plaintiff also testified that she has fibromyalgia, diagnosed approximately one year earlier, and was instructed not to identify the diagnosing provider. *Id*. at 12, Kimm Dep. 46:1-11. CNC states that Plaintiff attributed fibromyalgia to CNC during a recorded customer-service call, (Doc. 89 at 10), but the submitted excerpt does not contain that attribution. *Id*. at 12, Kimm Dep. 46:1-11.

At the July 10th deposition, Plaintiff described the emotional distress she attributes to the events at issue, including heart palpitations, nightmares, panic, hair loss, eye twitching, fear of foreclosure and homelessness, and a need to remain vigilant in dealing with CNC; clarified that by anxiety she meant her own stress, not a medical condition; and testified to contemporaneous stress from having a baby, complications from a C-section, another surgery, and financial concerns involving other credit accounts. *Id*. at 16-19, July 10 Kimm Dep. 37:2-39:22, 42:11-25. CNC's Notice of Supplement nonetheless indexes six

of those subjects as questions Plaintiff refused to answer, while the attached excerpt records her answers on each. *Id.* at 1-2, 16-18, July 10 Kimm Dep. 37:2-39:22.

## MEMORANDUM OF LAW

### I. CNC seeks relief that Rule 37 does not authorize and the record does not support.

Rule 37 reaches a specific failure. It compels an answer to a deposition question actually asked under Rule 30. Fed. R. Civ. P. 37(a)(3)(B)(i). It compels production of documents actually requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). The remedy tracks the failure. What is compelled must also be nonprivileged, relevant to a claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court must limit discovery beyond that boundary. Fed. R. Civ. P. 26(b)(2)(C). As movant, CNC bears the burden on each category it seeks. *EDST, LLC v. IApartments, Inc.,* No. 8:22-cv-272-CEH-JSS, 2023 U.S. Dist. LEXIS 15358, at *7 (M.D. Fla. Jan. 30, 2023).

CNC has not carried that burden. Its Motion begins with a handful of deposition questions and ends by demanding relief spanning three discovery sets, Plaintiff's medical history, and questions not yet asked. Doc. 89 at 19. That is not a proportional remedy. It is a second round of discovery. Contrary to CNC's claims, Plaintiff did not refuse to answer questions about counseling. She testified to the counseling, when it began, the number of counselors, and the

frequency and duration of sessions. CNC's Notice of Supplement at 6-11, Kimm Dep. 18:13-19:3, 25:1-27:10. Plaintiff's counsel instructed her not to answer only when CNC asked for the counselors' names and whether either prescribed medication. *Id*. at 7-11, Kimm Dep. 19:4-7, 25:22-25, 27:11-19.

The fibromyalgia exchange was similarly confined. Plaintiff testified to the condition and its approximate diagnosis date; only the diagnosing provider's identity was withheld. *Id*. at 12, Kimm Dep. 46:1-11. At the July 10 continued deposition, CNC did not re-pose those questions; it asked counsel whether her position had changed, and counsel said no. *Id*. at 19, July 10 Kimm Dep. 42:2-8. CNC's own filings confirm the limits of the dispute. The Motion represented that each unanswered question sought only a provider's identity. Doc. 89 at 6-7. The later supplement acknowledges that CNC prepared the Motion without the transcripts, that it may have misdescribed or omitted questions, and that CNC was adding the medication questions from the excerpts. CNC's Notice of Supplement at 1-2. The supplement's index, described as identifying questions Plaintiff refused to answer, lists six emotional-distress subjects that the attached excerpt shows she answered. *Id*. at 1-2, 16-18, July 10 Kimm Dep. 37:2-39:22.

There is a discrete dispute over counselor names, medication questions, and one diagnosing provider. There was no blanket refusal to testify about counseling, symptoms, other sources of stress, or the emotional distress Plaintiff

attributes to CNC. Rule 37 relief must track the actual failure shown. It cannot rest on a broader description that the transcript disproves. Rule 37(a)(3)(B)(i) reaches an answer to a question actually asked under Rule 30, not a prospective order compelling whatever CNC may later call "natural follow-up questions." The Middle District has rejected the same remedial overreach. In *Centennial Bank v. ServisFirst Bank, Inc.*, the movant used a discrete production dispute to seek broad forensic discovery, reopened depositions, sanctions, and other relief. The court held that the "expansive requests for relief amount[ed] to an overreach" that was disproportionate and unsupported. *Centennial Bank v. ServisFirst Bank, Inc.,* No. 8:16-cv-88-T-36CPT, 2020 U.S. Dist. LEXIS 37308, at *12-13 (M.D. Fla. Mar. 4, 2020). CNC's Motion shares that defect.

CNC's June correspondence states that it had no issue with Plaintiff's responses and objections to First RFP Nos. 1 through 14, with Interrogatory Nos. 10 and 11, or with RFP Nos. 17 and 18. Doc. 89-10 at 4. It identifies the unresolved issue under Interrogatory Nos. 5 and 6 as whether CNC could obtain provider names and separately asks for a withholding confirmation on RFP No. 15. *Id*. at 2, 4. Yet CNC now asks the Court to compel complete responses to all three discovery sets and to overrule the objections addressed in the Motion. Doc. 89 at 19. CNC does not explain why the Court should grant relief on requests it represented were resolved. If CNC had "no issue," there is nothing to compel.

This is especially true where Plaintiff already supplemented her responses to CNC's First Interrogatories to "mirror" the answers provided in the March 2026 meet and confer letter–a fact that CNC fails to acknowledge. Doc. 89 at 17

CNC also asks the Court to compel Plaintiff to answer a document request it never served on her. Under the heading "First RFP Request No. 2," the Motion quotes a request for all documents concerning Plaintiff's emotional distress or state from 2020 to the present and asks the Court to compel Plaintiff to produce responsive records. Doc. 89 at 16-17. That is not Plaintiff's First RFP No. 2. *See* Doc. 89-2 at 3. The emotional-distress language appears in Request No. 2 of CNC's subpoena to nonparty Amanda Ms. Sayre. Doc. 89-8 at 6. The distinction is dispositive. Rule 37(a)(3)(B)(iv) permits a motion to compel when a party fails to produce documents as requested under Rule 34. CNC never served the quoted request on Plaintiff, and she cannot be compelled to answer a request served on Ms. Sayre. Nor does the record show a live dispute over Plaintiff's actual First RFP No. 2.[2] This portion of the Motion should be denied.

Plaintiff does not ask the Court to decide that a provider's identity is always privileged. *Vinson v. Humana, Inc.*, 190 F.R.D. 624 (M.D. Fla. 1999), a case relied upon by CNC, narrowly holds that the fact of treatment, treatment

---

[2] Plaintiff stated in March that she had produced all nonprivileged documents in her possession, custody, or control under that request and was withholding nothing on her overbreadth objection. Doc. 89-5 at 2.

dates, and a provider's identity may fall outside the privilege for confidential communications. *Vinson*, 190 F.R.D. at 627. It does not support CNC's request for the protected the substance of confidential communications and required request-specific treatment of the records. *Id.* Nothing in it holds that a provider-name question authorizes blanket discovery into medical information. Thus, even if the Court orders Plaintiff to answer a discrete identity or medication question, the order should stop there. It should not require signed authorizations, compel medical or mental-health records, overrule unrelated objections, or permit an open-ended continuation of the deposition.

## II. Plaintiff's mental therapy and health care records are not relevant because she will not use diagnosis or treatment to prove damages.

Plaintiff seeks emotional-distress damages. That does not waive confidential treatment communications or place her medical history in controversy. The privilege turns on the claim and proof she will present at trial, not on whether CNC would prefer records for cross-examination. Federal law protects confidential communication between a patient and a licensed psychotherapist made during diagnosis or treatment. *Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996). Relevance alone does not defeat that privilege, and courts may not dilute it through case-by-case balancing. *Id.* at 17–18. A party may waive the privilege by affirmatively placing a mental condition at issue, but the majority rule is

that an emotional-distress claim, standing alone, does not. *Chase v. Nova Se. Univ., Inc.*, No. 11-61290-CIV, 2012 WL 1936082, at *3–*5 (S.D. Fla. May 29, 2012); *Ortiz-Carballo v. Ellspermann*, No. 5:08-CV-165-OC-10GRJ, 2009 WL 961131, at *2–*3 (M.D. Fla. Apr. 7, 2009).

To eliminate any ambiguity, Plaintiff clarifies the limits of her damages claim.[3] She seeks only non-medical emotional-distress damages proved through her own testimony and ordinary lay observations. She does not seek damages for physical injury due to fibromyalgia, clinical anxiety, or any other diagnosed physical or psychological condition. She does not seek medical expenses, counseling expenses, medication costs, or damages for aggravation of a preexisting physical or psychological condition. She will not offer medical records, treatment records, diagnoses, prescriptions, provider testimony, or expert medical testimony to prove emotional distress or causation.

*Woods v. Reeve* draws the precise line Plaintiff proposes. The plaintiff there testified that her daughter's death caused depression, trouble sleeping, and social isolation. She had attended counseling and support groups and had discussed prescriptions. Yet the court held that she could testify generally about those

---

[3] In March, she advised CNC that she had not placed her mental condition in controversy, would call no psychiatrist, psychologist, or mental-health expert, and would not offer a treating psychiatrist or psychologist as a witness. Doc. 89-5 at 4, 7.

subjects without producing her mental-health records, so long as she did not rely on diagnoses, prescriptions, or treatment details. *Woods v. Reeve*, No. 21-14001-CIV, 2023 WL 168606, at *3 (S.D. Fla. Jan. 12, 2023). Disclosure was required only if she intended to use diagnoses or prescriptions as proof. *Id. Chase* reached the same result on similar facts. *See Chase v. Nova Se. Univ., Inc.*, No. 11-61290-CIV, 2012 WL 1936082, at *4–*5 (S.D. Fla. May 29, 2012). The result should be no different here. CNC cannot manufacture a waiver by eliciting counseling history and symptoms at deposition. The record does not show that she affirmatively relied on treatment. She answered CNC's questions about the counseling, its timing, the number of counselors, and the frequency and duration of sessions. CNC's Notice of Supplement at 6-11, Kimm Dep. 18:13-19:3, 25:1-27:10. She also described her symptoms and fears, clarifying that by anxiety she meant her own stress, not a medical condition. She also identified pregnancy, a C-section, complications, another surgery, and financial problems as other sources of stress. CNC's Notice of Supplement at 16-19, July 10 Kimm Dep. 37:2-42:25. Those answers do not waive the privilege.

*Woods* rejected the same reasoning. The plaintiff there disclosed counseling, medication, and mental-health history only because defense counsel asked about them. The court held that answering those questions did not show an intent to affirmatively place the treatment at issue. *Woods*, 2023 WL 168606,

at *3. CNC cannot create a waiver by asking about treatment and then treating the answers as Plaintiff's decision to use treatment as evidence.

The same limit applies to Amanda Ms. Sayre. Plaintiff disclosed Ms. Sayre as a friend with knowledge that includes Plaintiff's emotional distress. Doc. 89-11 at 2. Plaintiff will limit Ms. Sayre to ordinary observations within her personal knowledge, not a diagnosis, treatment opinion, or medical-causation testimony. A lay witness does not place confidential therapy communications into evidence.

CNC also seems to suggest that the amount of emotional distress damages sought itself waives the privilege. Doc. 89-11 at 14-15. Not so. The computation is a proposed valuation of subjective harm, which will ultimately be awarded by a jury.[4] *Vinson*, 190 F.R.D. 624, relied on by CNC, addresses a different question. It held only that the fact of treatment, treatment dates, and provider identity may be discoverable on the record before that court. *Vinson*, 190 F.R.D.

[4] CNC relies on *Barnello v. Bayview Loan Servicing, LLC*, which is distinguishable from the present case. Unlike here, the *Barnello* plaintiffs affirmatively tied their claimed injuries to medical treatment. No. 6:14-cv-1383-Orl-41TBS, 2015 LX 66024, at *4 (M.D. Fla. Oct. 20, 2015). The court found those treatment-based claims sufficient to justify a mental examination. *Barnello v. Bayview Loan Servicing, LLC*, No. 6:14-cv-1383-Orl-41TBS, Doc. 45 at 5-6 (M.D. Fla. Oct. 20, 2015). Here, Plaintiff intends to rely on her own testimony and that of another lay witness.

at 627. It did not hold that every emotional-distress claim waives the privilege or makes ten years of treatment history discoverable.

The Court should therefore deny CNC's Motion as to mental-health treatment records, medical-condition evidence, and medical records.

## III. CNC has waived the relief being sought on its October 2025 written discovery and deposition questions, and the later disputes support only narrow supplementation.

CNC combines two different categories of disputes. The first concerns written discovery served in October 2025 and objections that were resolved by March 6, 2026. The second concerns later, narrower matters arising from CNC's April integrated discovery, its May subpoena to Amanda Ms. Sayre, and the parties' June conferral. The first category is untimely. The second Plaintiff has already largely agreed to supplement.

### A. The First Interrogatory and First RFP disputes reached an obvious impasse by March 6, 2026.

CNC filed the Motion before the current discovery cutoff, but that does not end the timeliness inquiry. Neither Rule 37 nor the Local Rules fixes a deadline for a motion to compel; the motion must be filed within a reasonable time after the parties reach an obvious impasse. *Coleman v. Starbucks*, No. 6:14-CV-527-ORL, 2015 WL 2449585, at *8–*9 (M.D. Fla. May 22, 2015). Reasonableness is measured from that impasse. Here, CNC waived its ability to

compel responses by waiting several months to bring these issues to the Court's attention.

CNC served its First Interrogatories and First RFP in October 2025. Plaintiff served her responses on December 11, 2025. CNC challenged those responses on February 11, 2026. Plaintiff answered CNC's letter on March 6, 2026. Doc. 89 at 2-3. In that March 2026 response, Plaintiff maintained her objections to Interrogatory Nos. 5 and 6, explained that she had not placed a medical condition in controversy, and stated that no mental-health provider or expert would testify for her. Doc. 89-5 at 4. She likewise maintained the objection to the mental-health history. *Id.* at 7.

By March 6th, CNC knew Plaintiff's position. Yet CNC waited until July 15th to move to compel. CNC does not explain why it needed more than four months to seek a ruling on objections it says prevented it from preparing its defense. A party that does not timely present an asserted discovery deficiency risks losing the issue. *Goers v. L.A. Entm't Grp., Inc.,* No. 2:15-cv-412-FtM-99CM, 2017 U.S. Dist. LEXIS 91093, at *8 (M.D. Fla. June 14, 2017); *see also, Swearingen v. Progressive Express Ins. Co.,* No. 6:24-cv-2328-PGB-LHP, 2025 LX 589755, at *3 (M.D. Fla. Dec. 23, 2025). Plaintiff gave CNC a definitive written position on March 6th, yet CNC waited many months before filing the Motion.

Re-asking a known issue at deposition did not restart the clock for the First Interrogatories and First RFP.

## IV. Ms. Sayre's subpoena must be limited to the parties' actual agreement, not every allegation in the Amended Complaint.

Rule 45 required CNC to take reasonable steps to avoid imposing undue burden or expense on a nonparty. Fed. R. Civ. P. 45(d)(1). The subpoena also had to describe each document category with reasonable particularity. Fed. R. Civ. P. 34(b)(1)(A); see Middle District Discovery (2021), Section III.A.1. Ms. Sayre Subpoena Request No. 3 does neither. It demands every document 'relating to, referring to, or concerning' Plaintiff's allegations in the Amended Complaint. Doc. 89-8 at 6.

The problem is the category, not Ms. Sayre's ability to recognize Plaintiff's name. The Amended Complaint contains more than 200 numbered paragraphs and nine counts. Request No. 3 makes a nonparty read the pleading, construe each allegation, search her files for anything that might touch it, and produce the result. Rule 34 does not permit that pleading-wide demand. *Puccio v. Sclafani*, No. 12-61840-CIV, 2013 WL 4068782, at *3–*4 (S.D. Fla. Aug. 12, 2013).

CNC answers that Plaintiff disclosed Ms. Sayre as a friend with knowledge of the allegations, including Plaintiff's emotional distress. Doc. 89-11 at 2. But a witness disclosure identifies the subject of a witness's knowledge;

it does not turn every allegation into a particularized document request or shift CNC's Rule 45 duty to the nonparty.

The Eleventh Circuit's decision in *Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 F. App'x 622 (11th Cir. 2019) reinforces that limit. The court affirmed relief from an overly broad third-party subpoena where the issuing party had not diligently pursued the material through ordinary discovery. *Progressive Emu Inc.*, 785 F. App’x at 627–30. CNC cannot use Ms. Sayre’s nonparty status to obtain a pleading-wide production that Rule 34 would not permit from Plaintiff.

The conferral record supplies a reasonable narrowing. For Request No. 2, Ms. Sayre agreed to search for nonprivileged communications concerning Plaintiff's emotional distress from 2022 forward and to confirm whether anything was withheld. Neither agreed to produce medical records. Doc. 89-10 at 1. For Request No. 3, Plaintiff proposed narrowing the request to communications between Plaintiff and Ms. Sayre concerning the lapse in hazard insurance or the disaster relief offered to Plaintiff. *Id*. at 1-2. Plaintiff’s counsel has agreed to provided responses based on this narrowing. But as noted above, Ms. Sayre is dealing with a death in the family that has delayed the production of responsive documents.

## V. CNC Is Not Entitled to Fees or Costs.

Fees are not automatic merely because a court grants a discovery motion. The Court must deny expenses when the opposing position was substantially justified, or an award would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). A position is substantially justified when reasonable people could differ about the challenged conduct. *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993).

Here, the issues raised in CNC's Motion present a genuine dispute. Plaintiff relied on decisions holding that a party does not waive the privilege merely by seeking lay emotional-distress damages while declining to use diagnosis or treatment as proof. CNC relies on decisions distinguishing provider identity and noncommunicative treatment facts from confidential communications. The Court may draw the line differently as to a bare name or a yes-or-no medication question, but that disagreement does not make Plaintiff's position unreasonable.

CNC also tied the counselor-identification question to treatment concerning a specific and sensitive experience that happened to Plaintiff many years ago. CNC's Notice of Supplement at 6-8, Kimm Dep. 18:1-20:21. Plaintiff answered questions about the existence, timing, frequency, and duration of counseling, and about her claimed distress, symptoms, and other sources of

stress. *Id*. at 9-11, Kimm Dep. 25:1-27:19; id. at 16-19, July 10 Kimm Dep. 37:2-42:25. Plaintiff's counsel asserted targeted objections, and Plaintiff did not terminate the examination or refuse to testify on the entirety of the subject.

Additionally, CNC knew of the written-discovery dispute by March 2026 but waited until July 2026 to seek relief. Whether or not the Court decide to hear the merits of the belated Motion presents a genuine dispute. The Motion also seeks relief far beyond the actual dispute. Its prayer, catalogued in Section I, runs from complete responses to entire discovery sets through signed consents, health-care records, and fees. Doc. 89 at 19. As shown in Section A, CNC even asks the Court to compel Plaintiff under a request served on Ms. Sayre.

If the Court grants only narrow relief, Rule 37(a)(5)(C) governs, and a narrow answer, search, or confirmation would be a small fraction of what the Motion seeks. Each side should therefore bear its own expenses.

## **CONCLUSION**

Given the forgoing, CNC's Motion should be denied. CNC has not met its burden of establishing discovery as to Plaintiff's medical information is warranted. Additionally, as noted above, Plaintiff agrees to serve additional supplemental responses no later than August 7, 2026.

Dated: July 29, 2026 Respectfully submitted,

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. #1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546