**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | | |
|---|---|---|
| KATHRYN RAE KIMM,<br><br>Plaintiff,<br><br>v.<br><br>CLICK N' CLOSE, INC. f/k/a MID AMERICA MORTGAGE, INC.; and DE CUBAS & LEWIS, PA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>2:25-cv-439-SPC-NPM |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CLICK N' CLOSE, INC.'S MOTION TO EXTEND SCHEDULING ORDER DEADLINE FOR FILING MOTIONS TO COMPEL DISCOVERY (DOC. NO. 113)**

Defendant Click N' Close, Inc. ("CNC" or "Defendant") previously asked the Court for the September 30, 2026, deadline to conduct discovery and move to compel. Then CNC served discovery that could not be answered before September 30th. Now, CNC has filed a motion to amend the Scheduling Order for the *third* time, despite its own delay causing its current need for an extension. Doc. 113 ("Motion"). CNC's lack of diligence should not be rewarded, and its Motion must should be denied.

On July 15, 2026, CNC moved to extend the Scheduling Order for the second time. *See* Doc. Nos. 64, 88. On July 27, the Court granted that motion and entered the Second Amended Case Management and Scheduling Order, which made September 30, 2026, the discovery cut-off and last day to move to compel. Doc. No. 99. CNC then let sixty-six days pass before filing this Motion, and waited thirty-five days from

that July 27 Order to serve additional discovery, all while knowing it could not comply with the Court's Second Amended Case Management and Scheduling Order.

Indeed, on August 31, 2026, just a mere thirty days before the September 30, 2026, deadline, CNC served its Fourth Request for Production, Third Set of Interrogatories, and Requests for Admission. The Federal Rules gave Ms. Kimm thirty days to respond, and she did on September 30. Doc. No. 113 at 1–2. CNC did not ask for more time while the deadline was open. CNC's certificate reports that it e-mailed Ms. Kimm's counsel a finished motion at 11:56 a.m. on October 1, 2026. *Id.* at 4–5. It filed this Motion that same day, after the deadline had expired. CNC was on notice the day it served discovery on August 31st that there would not be sufficient time to bring a motion to compel, yet CNC waited until *after* the deadline expired in the Scheduling Order to bring this Motion.

What's worse is that CNC's Motion asks for thirty more days to move to compel and also asks the Court to move the dispositive and *Daubert* deadlines to a date "no earlier than November 30, 2026." *Id.* at 4. The pattern is familiar. For instance, Ms. Kimm answered CNC's first discovery on December 11, 2025, yet CNC moved to compel on July 15, 2026. Doc. No. 89 at 2–3. Ms. Kimm then answered CNC's second and third sets of discovery on May 27, 2026, and July 15th. CNC again moved to compel several months later, on September 24, 2026, which was just six days before the previous fact discovery deadline. Doc. No. 111 at 2–3. Now, on October 1, 2026, one day *after* the fact discovery deadline, CNC filed this Motion.

The Court should deny the Motion because CNC has not shown the good cause or excusable neglect required for the Court to amend the Scheduling Order for a third time.

**BACKGROUND**

Ms. Kimm has claimed emotional distress damages against CNC since at least September 23, 2025. Doc. 24 ¶¶ 42–43, 183, 199. CNC has pursued discovery on the subject since October 28, 2025, when its first interrogatories asked for her treating providers and her mental history. Doc. No. 89 at 2; Doc. No. 89-1 at 8–9, 13. Ms. Kimm responded on December 11, 2025. Doc. No. 89 at 2. CNC sent a deficiency letter on February 11, 2026, and Ms. Kimm answered it on March 6. *Id.* at 2–3. CNC deposed Ms. Kimm on July 7 and 10, 2026, and moved to compel her medical records on July 15, 2026, calling emotional distress "her largest single category of damages." *Id.* at 2, 7. Ms. Kimm opposed, pointing out that CNC's motion was untimely because it had waited more than four months after the March 6, 2026, impasse. Doc. No. 100 at 13–14 (citing *Coleman v. Starbucks*, No. 6:14-CV-527-ORL, 2015 WL 2449585, at *8–*9 (M.D. Fla. May 22, 2015); *Goers v. L.A. Entm't Grp., Inc.,* No. 2:15-cv-412-FtM-99CM, 2017 U.S. Dist. LEXIS 91093, at *8 (M.D. Fla. June 14, 2017); *see also, Swearingen v. Progressive Express Ins. Co.,* No. 6:24-cv-2328-PGB-LHP, 2025 LX 589755, at *3 (M.D. Fla. Dec. 23, 2025)). That motion remains pending.

CNC's next two sets followed the same course. CNC served its second discovery set by e-mail on April 27, 2026, and Ms. Kimm responded on May 27, 2026; the thirtieth day. Doc. No. 111 at 2; Doc. No. 111-1 at 8; Doc. No. 111-2 at 3. CNC

served its Third Request for Production on June 15, 2026, and Ms. Kimm responded on July 15th, again the thirtieth day. Doc. No. 111 at 3; Doc. No. 111-4 at 5; Doc. No. 111-5 at 5. Ms. Kimm supplemented on August 7, 2026. Doc. No. 111 at 3. The parties conferred on August 25th. *Id.* at 8. CNC then moved to compel on September 24, 2026, six days before the deadline for discovery. Doc. No. 111.

On October 23, 2025, the Court issued the original Case Management and Scheduling Order (Doc. No. 34) in which it set a July 6, 2026, deadline for discovery and motions to compel. The Court noted in its initial Case Management and Scheduling Order (Doc. No. 34), that "[m]otions to extend. . . deadlines are disfavored. . .[and] [d]eadlines may be modified only for good cause and with the judge's consent." *Id.* at 2. On April 14, 2026, CNC filed a Motion to Amend the Scheduling Order. Doc. No. 64. On April 20, 2026, the Court granted that motion and extended the discovery deadline until July 30, 2026. Doc. No. 66.

On July 15, 2026, CNC again moved to extend the schedule. Doc. No. 88. The Court granted the motion and entered the Second Amended Case Management and Scheduling Order on July 27, 2026. Doc. No. 99. It set September 30, 2026, as the deadline to move to compel and the discovery deadline, and October 30, 2026, as the deadline for dispositive and *Daubert* motions. *Id.*

On August 31, 2026, CNC served its Fourth Request for Production, Third Set of Interrogatories, and Requests for Admission. Ms. Kimm served her responses on September 30, 2026. Doc. No. 113 at 1–2. At 11:56 a.m. on October 1st, after the deadline, CNC e-mailed its motion to Ms. Kimm's counsel. Counsel replied at 12:16

p.m. that Ms. Kimm opposed it. Doc. No. 113 at 4–5. CNC filed this Motion that day. *Id.* at 1.

## ARGUMENT

### I. CNC Cannot Show Good Cause Because It Created the Timing Problem It Asks the Court to Fix

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). That standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16 advisory committee's note). Diligence is the inquiry because "[i]f [a] party was not diligent, the [good cause] inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Rule 16 governs an untimely motion to extend a court-ordered deadline *Diggory v. Safeco Ins. Co.*, No. 2:19-cv-367-FtM-NPM, 2020 U.S. Dist. LEXIS 141528, at *3 (M.D. Fla. Aug. 7, 2020) (Mizell, M.J.) (citing *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018)).

In the Middle District Discovery Handbook, this District informs parties what diligence requires. *See Middle District Discovery: A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* § I.F (2021) ("The Court follows the rule that the completion date means that all discovery must be completed by that date. For example, interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond before the discovery

deadline.”). Counsel “should not expect the Court to resolve discovery disputes arising after the discovery completion date.” *Id.*

Here, rather than comply with the Middle District Discovery Handbook and the Second Amended Case Management and Scheduling Order, CNC did the opposite. When CNC served its requests on August 31, 2026, it was on notice that Ms. Kimm’s response date was set for September 30, 2026, which was also CNC’s last day to move to compel. Rather than serve these discovery requests in a more timely manner, CNC chose to wait until the very last moment to serve additional written discovery. CNC’s Motion does not explain that choice.

Rather, in its Motion, CNC claims, without support, that it “acted diligently” and “promptly.” Doc. No. 113 at 2–3. Notably, CNC does not say when it served the requests, why it waited thirty-five days after obtaining the extension it requested on July 27, 2026, or why it did not seek relief before September 30, 2026. CNC’s sole reason for requesting more time is the response date. *Id.* at 2. But the response date is the result of CNC’s choice, not an excuse for it. *See Diggory*, 2020 U.S. Dist. LEXIS 141528, at *5 (denying motion for extension and noting “Defendant has made no showing of due diligence to schedule the examinations before the deadline expired, let alone demonstrated that despite due diligence the deadline could not be met”).

Courts in this District deny relief on records like this one. For example, in *Prudential Insurance Co. of America v. Gardina*, as here, the plaintiff’s responses were due just days before the discovery deadline, and the defendants moved to compel almost two weeks after it. *See* No. 6:23-cv-1125-JSS-DCI, 2024 U.S. Dist. LEXIS 121657, at

*5 (M.D. Fla. July 11, 2024). Because "[t]here [was] no argument that Plaintiff's responses were untimely," the court concluded that the defendants had waited approximately six-months "to even serve the discovery at issue" and "offer[ed] no reason for the delay[,]" which "left no meaningful time for the Court to resolve a dispute during the pendency of the discovery period." *Id.* at *4. And "[a]t a minimum, Defendants could have moved for an extension of time when the deadline was on the horizon." *Id.* at *5. The result should be no different here. CNC knew on August 31, 2026, that Plaintiff's responses would arrive on the same day as the discovery cut-off. Doc. No. 111 at 2–3. CNC had thirty days to ask for a targeted extension and waited until day thirty-one.

CNC's other excuses fare no better. The conferral requirement (Doc. No. 113 at 3) applies to every motion, and CNC knew of it when it chose to serve discovery on August 31, 2026. *See* Local Rule 3.01(g). CNC's Motion essentially asks the Court to erase the case management deadlines and reward a lack of diligence, which is contrary to Rule 16. *See Prudential Ins. Co. of Am.*, 2024 U.S. Dist. LEXIS 121657, at *3-4 (noting Rule 16's "good cause standard is a rigorous one, requiring the Court to focus not on the good faith of or the potential prejudice to any party, but on the moving party's diligence in meeting the deadlines it seeks to modify"). If serving discovery thirty days out from the discovery cut-off is good cause to extend the motion-to-compel deadline, any party can manufacture good cause by simply serving additional discovery thirty days before the discovery cut-off, awaiting the objections, and moving for more time. Rule 16(b) does not work that way. *See, e.g., Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419

(11th Cir. 1998) (rejecting an application of Rule 16 that "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure").

CNC's handling of discovery motions in this case confirms the point. *See Tripro Consulting, LLC v. Caci, Inc.,* No. 6:23-cv-568-JSS-DCI, 2024 U.S. Dist. LEXIS 148358, at *4 (M.D. Fla. Aug. 20, 2024) ("[M]otions to compel filed at the close of discovery are disfavored and may . . . evince a lack of diligence in pursuing discovery that results in the waiver of the request for relief."). Ms. Kimm answered CNC's first interrogatories and requests for production on December 11, 2025, and stated her final position on March 6, 2026. Doc. No. 89 at 2–3. CNC waited until July 15, 2026, to move to compel, which Ms. Kimm opposed on that ground. Doc. No. 100 at 13–14. CNC repeated the course anyway. Indeed, CNC received responses on May 27, 2026, and July 15, 2026, conferred on August 25, 2026, and moved to compel on September 24, 2026. Doc. No. 111 at 2–3, 8. Then, CNC filed this Motion one day *after* the discovery cut-off. "Courts routinely deny motions to compel as untimely when they are submitted after the discovery deadline." *Tripro Consulting, LLC*, 2024 U.S. Dist. LEXIS 148358, at *3.

CNC's lack of diligence and disregard for the Court's scheduling order is evident throughout the record in this case. CNC has failed to establish diligence, and the inquiry should end here.

## II. CNC Moved for an Extension After the Deadline Expired and Makes No Attempt to Show Excusable Neglect

In its Motion, CNC improperly points to Rule 6(b)(1)(A). Doc. No. 113 at 1–2. That provision applies only "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The deadline expired on September 30, 2026. CNC filed this Motion on October 1, 2026, after sending its motion to Ms. Kimm's counsel at 11:56 a.m. that day. Doc. No. 113 at 4.

Once a deadline passes, the court may extend it only "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A post-deadline extension "is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990). "A party seeking the extension of an already-expired scheduling order deadline must show both good cause <u>and</u> excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (emphasis in original).[1]

In its Motion, CNC never mentions "excusable neglect," much less addresses its factors. Those factors include "the reason for the delay, including whether it was within the reasonable control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Here, the reason sat entirely within CNC's

[1] Another panel has read *Sosa* to apply Rule 16 alone to such motions. *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018). The Court need not resolve this issue as CNC fails Rule 16's good cause standard for the reasons set forth above in Part I, and it makes no showing under Rule 6(b)(1)(B).

control. It chose the service date and chose not to seek relief before the deadline. The Court should not consider an argument CNC did not make in its moving papers.

## III. Any Prejudice To CNC Is Self-Imposed

CNC calls the extension "modest" and harmless to Ms. Kimm and says that denying it would cost CNC discovery about her emotional distress, "the largest category of damages being sought." Doc. No. 113 at 3. That argument fails for three compelling reasons.

First, prejudice is not the test. "This good cause standard is a rigorous one, requiring the Court to focus not on the good faith of or the potential prejudice to any party, but on the moving party's diligence in meeting the deadlines it seeks to modify." *Prudential Ins. Co. of Am.*, 2024 U.S. Dist. LEXIS 121657, at *4 (citing *Sosa*, 133 F.3d at 1418). CNC's references to "the interests of justice" is unsupported by any authority, Doc. No. 113 at 3–4, and provides insufficient evidence of diligence.

Second, the harm CNC describes is its own doing. Ms. Kimm has pleaded emotional distress since at least September 23, 2025. Dkt. 24 ¶¶ 42–43, 183, 199. CNC served discovery on the subject in October 2025. Doc. No. 89-1 at 8–9, 13. In July 2026, it deposed her about it *over two days*, called it "her largest single category of damages," and moved to compel. Doc. No. 89 at 2, 7. Whatever else CNC now wants on the subject, it could have requested at any point in the past year. A party cannot claim prejudice from a deadline it asked for, on a topic it has pursued since October 2025.

Third, CNC does not say what it would compel or why compelling production outside the discovery deadlines is proper. *Prudential Ins. Co. of Am.*, 2024 U.S. Dist. LEXIS 121657, at *4 (denying motion for extension and noting "Defendants have not established that the Court should compel production outside of the discovery period") Although CNC has now filed a separate, and even more belated motion to compel (Doc. No. 118), it failed to do so with this Motion. A motion must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). The Court should also deny that motion to compel (Doc. No. 118) in tandem with its denial of this Motion. *See Malibu Media, LLC v. Weaver*, No. 8:14-cv-1580-T-33TBM, 2016 U.S. Dist. LEXIS 15021, at *4 (M.D. Fla. Feb. 8, 2016) (overruling objections to denial of motion to compel and noting if the court were to grant the defendant's belated motion to compel it "would have required a, or resulted in a de facto, third extension of the discovery deadline").

Ms. Kimm, by contrast, has prepared her case on schedule. The extension would reopen discovery motion practice after the deadline and, as Part IV below shows, would carry the dispositive schedule with it.

## IV. The Court Should Not Move the Dispositive and *Daubert* Deadlines Based On CNC's Undeveloped Argument

CNC's last two-sentence argument asks the Court to extend "the deadline to file dispositive and *Daubert* motions" to "a date no earlier than November 30, 2026." Doc. No. 113 at 4. CNC's only authority is Rule 56(b). *Id.* However, Rule 56(b) does not apply. This rule merely sets a default time for summary judgment motions "[u]nless a

different time is set by local rule or the court orders otherwise." Fed. R. Civ. P. 56(b). The Court has ordered otherwise by setting that deadline for October 30, 2026. *See* Doc. No. 99.

CNC also describes its motion as "the parties' request." Doc. No. 113 at 4. It is not. Ms. Kimm opposes it, as CNC's own certificate reports. *Id.* at 5. CNC also does not offer good cause for this additional extension. It does not state the current deadline, identify a dispositive motion it intends to file, or explain why it cannot file on time. Rule 16(b)(4) requires good cause for each deadline the Court changes, not only the one the movant missed.

If the Court were to grant this Motion, the consequences would be substantial. A November 30, 2026, deadline for dispositive motions would make summary judgment responses due December 21, 2026, and replies due January 4, 2027. Local Rule 3.01(d), (e). The Joint Final Pretrial Statement is due April 16, 2027, and the final pretrial conference is April 30, 2027. Doc. No. 99. Trial is set for the May 2027 term. *Id*. This would shorten the Court's time to rule on dispositive motions and could lead to the need for further extensions. A request that would alter the pre-trial schedule this way deserves more than one paragraph without a reason. As a result, this request should be denied.

## CONCLUSION

The Court should deny CNC's Motion (Doc. No. 113) in its entirety. CNC was on notice the day it served discovery on August 31, 2026 that there would not be sufficient time to bring a motion to compel, yet CNC waited until *after* the deadline

expired to bring this Motion. CNC utterly fails to meet the demands of Rule 16 and makes no showing under Rule 6(b)(1)(B). The Court should not reward CNC's delay in conducting discovery.

Dated: October 14, 2026,

Respectfully submitted,

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546