**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**KATHRYN RAE KIMM,**
Plaintiff,

v. 2:25-cv-439-SPC-NPM

**CLICK N' CLOSE, INC.**, *et ano.*,
Defendants.

---

# ORDER

Plaintiff Kathryn Rae Kimm alleges that defendant Click N' Close, Inc. (CNC) failed to pay her escrowed hazard-insurance premium, leaving her home uninsured when Hurricane Ian hit southwest Florida and damaged her home. CNC's failure, according to Kimm, led to mortgage delinquency, damage to her credit profile, exposure to foreclosure proceedings, and severe emotional distress.

Pursuant to Federal Rule of Civil Procedure 37, CNC requests that we compel Kimm to provide information about her loans and credit cards, as well as her mental and physical health.[1] (Docs. 89, 111). In particular, CNC asserts that Kimm refused to answer deposition questions about her mental and physical health providers and related treatment (Doc. 102), as well as interrogatories and requests for production concerning her mental health and financial records.[2] Kimm has responded in

---

[1] CNC also sought to compel better discovery responses from non-party Amanda Sayer. (Doc. 89). Since filing the motion, however, Sayer produced additional discovery. So the only relief CNC seeks against Sayer is an expense-of-motion award. (*See* Doc. 105 at 2). But it was improper for CNC to lump arguments as to non-party Sayer into a motion to compel directed to Kimm. Instead, CNC should have filed two separate motions; one to enforce party discovery and one to enforce non-party discovery. Therefore, no expense-of-motion award is warranted.

[2] After filing its motion to compel, CNC conferred with Kimm and resolved some of the

opposition. (Docs. 100, 116).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And courts have "broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). The party seeking discovery must demonstrate the relevance of the discovery requests, *Zamperla, Inc. v. I.E. Park srl*, No. 6:13-cv-1807-Orl-37KRS, 2014 WL 11332269, *2 (M.D. Fla. Oct. 23, 2014), while the resisting party must show that the discovery is improper, unreasonable, or overly burdensome. *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr.*, LLC, No. 8:21-cv-146-MSS-AAS, 2021 WL 5961144, *1 (M.D. Fla. Dec. 16, 2021).

Rule 37(a) permits a party to move for an order compelling disclosure or discovery, but only in limited circumstances. *See* Fed. R. Civ. P. 37(a)(3)(B). This includes when a party fails to answer a question during a deposition, fails to answer an interrogatory submitted under Rule 33, or does not produce documents as requested under Rule 34. *See Coomer v. Byrne*, No. 8:24-cv-8-TPB-SPF,

---

outstanding discovery issues. (Doc. 105 at 2). Accordingly, we address only the issues that remain unresolved.

2025 WL 1222527, *6 (M.D. Fla. Apr. 28, 2025); *see also Lochrane v. S. Owners Ins. Co.*, No. 6:24-cv-1628-UAM, 2025 WL 3654206, *1 (M.D. Fla. Apr. 4, 2025).

**1. Mental and Physical Health Discovery**

In the aftermath of the events described above, Kimm seeks more than $800,000[3] for physical and emotional manifestations of emotional distress, including heart palpitations, hair loss, eye twitching, episodes of panic, nightmares, and heightened vigilance and fear (Doc. 89-11 at 15); this is not garden-variety emotional distress. Moreover, Kimm admits confounding factors, such as having a baby, complications from a C-section, undergoing an additional surgery, and financial concerns involving other credit accounts. Thus, Kimm's physical and mental health are at issue, and CNC is entitled to mount a defense.

Still, Kimm argues that because she intends to only present lay testimony as to her emotional distress, CNC may not obtain discovery about her mental health providers and treatment history. Moreover, she maintains that seeking emotional-distress damages does not waive confidential communications between her and treatment providers. (Doc. 100 at 9-13). These arguments are unavailing.

"Because [Kimm] asserts that the events giving rise to [her] claims had an emotional impact on [her] for which [she] is entitled to damages, [her] medical and psychological history is generally relevant and discoverable." *Sheets v. Presseller*,

[3] In her second supplemental Rule 26(a)(1) initial disclosures, Kimm maintains that she is entitled to emotional distress damages from May 27, 2022, when the complained-of conduct began, through February 1, 2027, the estimated trial term—at a rate of $470 per day for approximately 1,712 calendar days. (Doc. 89-11 at 15).

No. 2:24-cv-495-JLB-KCD, 2025 WL 1002177, *2 (M.D. Fla. Apr. 3, 2025) (rejecting plaintiff's argument that he only claimed "garden variety" emotional distress and therefore did not place his medical condition in controversy); *see also Zaffis v. City of Altamonte Springs Fla.*, No. 6:06-cv-385-ORL-31-DAB, 2007 WL 646959, *2 (M.D. Fla. Feb. 27, 2007) (finding that because the plaintiff stated a claim for mental suffering and placed her mental health in issue, the defendant can discover, within reason, the state of plaintiff's mental health and the nature of other stressors related to her health during the relevant time period); *Gabe McIntyre v. Delhaize Am., Inc. d/b/a Sweetbay Supermarket*, No. 8:07-cv-2370-T-30MSS, 2008 WL 11336308, *2 (M.D. Fla. June 26, 2008) (permitting discovery into plaintiff's medical and psychological history upon a finding that plaintiff's claim for emotional damages placed his mental health at issue); *Garrett v. Sprint PCS*, No. 00-2583-KHV, 2002 WL 181364, *2 (D. Kan. Jan. 31 2002) (same). "This remains true even though [Kimm] represents that she will not rely on medical treatment, diagnosis, or expert opinions at trial." *Ivins v. Jupiter Med. Ctr., Inc.*, No. 25-cv-80645-McCabe, 2026 WL 3143875, *4 (S.D. Fla. Feb. 4, 2026).

Kimm has clearly put her mental and physical health at issue by claiming damages for "emotional distress." (Doc. 24 at ¶ 257). Indeed, in her amended complaint she alleges that "[t]he combination of CNC's initial failure and subsequent evasions created a cascade of psychological harm, including severe anxiety, persistent fear about her financial future, feelings of helplessness, and overwhelming stress." *Id.* at ¶ 43. She also alleges that Defendants' actions caused

"sleeplessness," "emotional exhaustion," "intense anxiety," "hopelessness and despair," caused her to be "unable to move on with her life," "[exacerbated] her years of emotional distress and trauma," "negatively impact[ed] her overall well-being and mental health," "significantly compounded her emotional suffering," and caused "persistent anxiety, sleep disruption, and intense anxiety." *Id.* at ¶¶ 179, 181, 182, 183, 190, 199, 201.

While the United States Supreme Court has recognized a psychotherapist-patient privilege, *Jaffee v. Redmond*, 518 U.S. 1 (1996), the privilege "only protects evidence such as confidential communications, not all facts or matters related to a patient's mental health conditions, diagnoses, or treatment more broadly." *Taylor v. Grayson & Assocs. P.C.*, 2024 WL 6885000, *18 (N.D. Ala. Aug. 14, 2024) (citing *Hobbs v. United States*, No. 16-16722-H, 2017 WL 5194520, *4 (11th Cir. Apr. 28, 2017) (describing the privilege as protecting only "confidential communications" and acknowledging that it would not prevent a therapist from being compelled to testify about their patient's mental health diagnosis, prior hospitalization, and characteristics associated with a diagnosis); *United States v. Murra*, 879 F.3d 669, 680 (5th Cir. 2018) (recognizing that the privilege extends only to communications, not facts; noting that a patient "cannot be compelled to answer the question, 'What did you say to your psychotherapist?,'" but that the patient "may not refuse to disclose any relevant fact within her knowledge merely because she discussed those facts in a confidential communication with her psychotherapist.")).

On this score, CNC is not seeking to compel Kimm or her medical providers

to testify about actual statements they made to each other; instead, CNC is seeking the identity of mental health providers and medications prescribed. Regardless of whether Kimm plans to rely on such evidence at trial, CNC must be allowed to discover the extent to which any alleged distress may have existed and, if so, whether it, and its alleged manifestations—both mental and physical—may be attributable in whole or in part to other causes.

Likewise, Kimm must provide the identity of the medical provider who diagnosed her with fibromyalgia—which she claims CNC caused. (Doc. 89 at 10). Although Kimm's refusal to answer may have been based upon a perceived privilege, the "Federal Rules of Evidence do not explicitly recognize a physician-patient privilege and there is no such privilege under federal common law." *See Mims v. Sanofi United States Servs., Inc.*, No. 3:23-cv-24723-MCR-HTC, 2024 WL 1723515, *4 (N.D. Fla. Feb. 23, 2024) (citing *Whalen v. Roe*, 429 U.S. 589, 602, n.28 (1977)). So discovery as to Kimm's physical health is relevant, proportional, and non-privileged.

So, unless Kimm withdraws her request for non-economic damages, she must identify her mental and physical health providers, and the facilities at which any counseling or treatment was obtained—from her May 2021 move to Florida to the present. "Identify" means to provide a full name, all known contact information, and the time frame for the treatment or counseling relationship. Kimm must supply this information under oath and must produce any related records (including any

prescribed medications or therapies) that are in her custody or control.[4] If CNC presents Kimm with a release-of-records request within the scope contemplated by our order, she must promptly execute the release and return it to CNC. At CNC's request, Kimm must promptly appear for a deposition to be examined about these issues.

**2. Financial-Records Discovery**

CNC also requests that the court compel Kimm to provide sufficient discovery responses to interrogatories and requests for production regarding her bank statements and loan and credit-card account records. (Doc. 89 at 13-18; Doc. 111 at 2). Taking them in turn, interrogatory nineteen requests:

> Do you claim that you made any payments which are not reflected or were not properly credited on the document titled Detail History, produced by CNC as Bates numbers CNC-002181 through CNC-002188? ….

Though Kimm objected to this interrogatory (Doc. 105-1 at 1-2), subject to and without waiving her objections, she responded: "No." *Id.* at 2. We overrule Kimm's objections. Her answer to interrogatory nineteen is deemed to be "No."

Request for production fifteen requests that Kimm produce "all documents reflecting all efforts you made to mitigate the damages you are seeking in this case." (Doc. 89-2 at 4). CNC's motion as to this request is denied because it is nebulous and overbroad. *See* Fed. R. Civ. P. 34(b)(1) (An RFP "must describe with reasonable

---

[4] The parties are reminded that we do not adopt confidentiality agreements as stipulated protective orders. (*See* Doc. 3 at 4-5). We expect the parties to quickly reach an agreement on their own.

particularity each item or category of items to be inspected.”).[5]

Finally, CNC requests that Kimm produce “all loan applications, credit applications, or financial statements submitted during the preceding five years reflecting your income, assets, and liabilities,” as well as “all monthly statements for all loans and credit card accounts in your name from September 1, 2022 through present.” (Doc. 111-1 at 7; Doc. 111-4 at 4). We deny this aspect of the motion practice as moot because Kimm has either already produced some of the documents or has agreed to produce all such documents in her possession, custody, or control. (*See* Doc. 116 at 4-5).

Accordingly, CNC’s first motion to compel (Doc. 89) is **GRANTED in part** and otherwise **DENIED**. CNC’s second motion to compel (Doc. 111) is **DENIED as moot**. CNC’s requests for expense-of-motion awards are **DENIED**. Kimm has **fourteen days** from the date of this order to comply with the court’s directives as set forth above.

**ORDERED** on November 23, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

[5] The Middle District Discovery Handbook counsels against requests for all documents related to a claim or defense as not particularized enough. *See* Middle District Discovery (2021), § III.A.1; *see also Scigrip, Inc. v. Engineered Bonding Sols., LLC*, No. 6:15-cv-653-Orl-22KRS, 2016 WL 11566647, *3 (M.D. Fla. Aug. 19, 2016).